UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:06-mc-47 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| SCOTT CHRISTENSEN, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| _____ | ) | |

This is a proceeding brought pursuant to 26 U.S.C. § 7604 to enforce an administrative summons issued by the Internal Revenue Service (IRS) on June 2, 2005. The summons relates the federal income tax liability of Scott Christensen for the taxable years ending December 31, 1997 through December 31, 2000. The summons was served upon respondent by abode service on his wife on June 3, 2005. The summons required him to testify before Revenue Officer John V. Engels and to produce certain records on June 23, 2005. Mr. Christensen failed to appear as required by the summons.

On April 13, 2006, District Judge Robert Holmes Bell issued an order directing respondent to appear before me on May 23, 2006, at 11:00 a.m., to show cause why he should not be compelled to obey the IRS summons. (docket # 6). The Marshal's return of service (docket # 7) shows that respondent was served by means of personal service on May 3, 2006.

The order to show cause issued by Judge Bell required that respondent file and serve a written response to the petition setting forth any defenses that he might have.  As of the date of this report and recommendation, respondent failed to file anything setting forth his defenses.

I conducted a hearing on Judge Bell's order to show cause on May 23, 2006.  I delayed commencement of the hearing for ten minutes, to give respondent an adequate opportunity to appear.  Court was convened at approximately 11:10 a.m., and neither respondent nor anyone on his behalf appeared in response to the order to show cause.  The United States was represented at the summons enforcement hearing by Assistant United States Attorney Agnes Kempker Cloyd, accompanied by Revenue Officer Engels.

The Internal Revenue Code authorizes the Secretary of the Treasury, or his delegate, to issue administrative summonses for the purpose of ascertaining the correctness of any return or determining the liability of any person for any Internal Revenue tax.  26 U.S.C. § 7602.  The IRS is empowered to apply to the district court for an order compelling compliance with administrative summonses.  To be entitled to such an order, the United States has the burden of proving a *prima facie* case in favor of enforcement.  To sustain its burden, the United States must show:  (1) that the summons was issued for a legitimate purpose; (2) that the summoned data may be relevant to that purpose; (3) that the summoned information is not already in the government's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed.  *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see United States v. Stuart*, 489 U.S. 353, 359 (1989); *see also United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 732-33 (6th Cir. 2006); *United States v. Brunet*, 5 F. App'x 445, 446 (6th Cir. 2001); *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996).  The United States may establish its *prima facie* case under the statute by reliance upon

- 2 -

the written declaration of the agent seeking enforcement of the summons.  *See United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982); *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980); *see also United States v. Brunet*, 5 F. App'x at 446.  Once the United States has shown a *prima facie* case, it is entitled to an enforcement order, unless the taxpayer can show that the IRS is attempting to abuse the court's process.  *Stuart*, 489 U.S. at 360.  The taxpayer carries the burden of proving an abuse of process.  *Powell*, 379 U.S. at 58; *Wagenknecht v. United States*, 22 F. App'x 482, 483-84 (6th Cir. 2001); *United States v. Smith*, No. 99-3953, 2000 WL 1175543, at * 1 (6th Cir. Aug. 11, 2000); *Kondik*, 81 F.3d at 656.

The declaration of Revenue Officer Engels filed in support of the petition establishes each of the elements of a *prima facie* case.  Respondent has submitted nothing to the court to sustain his burden of proving an abuse of the court's process in this case.  The summons should therefore be enforced.

### Recommended Disposition

I recommend that the petition of the United States to enforce the administrative summons be granted and that the court enter an order directing respondent to comply with the summons by a date certain, under pain of contempt of this court.

Dated:   May 24, 2006                         /s/  Joseph G. Scoville
                                                           United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All

objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir. 1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).